IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LINDA FIELDS, PAM GUN, ROBIN HALL, AND YEVETTE HAMILTON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 03-cv- 4222-JPG |
| THE ILLINOIS DEPARTMENT OF CORRECTIONS | ) ) ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court for case management purposes. In its review of the briefing on the motions for summary judgment filed by defendant Illinois Department of Corrections ("IDOC"), the Court has identified severe deficiencies in the plaintiffs' response briefs (Docs. 44-47) and the exhibits attached thereto (Doc. 48). The Court has carefully reviewed the first three pages of each brief and has identified factual assertions that are completely unsupported by the exhibits cited to support them or that are extreme overstatements of the evidence cited to support them. There are also citations to pages of depositions that are not included in the attached exhibits. The Court will list several representative examples:

- The third paragraph of each plaintiff's brief states, "[IDOC] claims to have a 'zero tolerance policy' regarding sexual harassment" and cites Exhibit A, page 15, in support of this fact. However, Exhibit A, page 15, contains a series of questions regarding an IDOC official's history of conducting internal investigations for IDOC and does not discuss IDOC's sexual harassment policy at all. It does not support the proposition it was tendered to prove.

- The first paragraph of the second page of each plaintiff's brief states, "It is a widely held belief by the male employees at Shawnee [Correctional Center] that women do not belong at the prison," and cites in support Exhibit D, page 19, Exhibit E, page 74, and Exhibit F, page 21. Exhibit D, page 19, actually contain evidence that some male and female correctional officers have stated that women do not belong working in the prison. Exhibit E, page 74, contains testimony that male officers occasionally make some unidentified type of comment and that female officers have made derogatory comments about male officers. Exhibit F, page 21, contains testimony that some male and female

   correctional officers have stated that they would rather not have a female working a certain assignment, while others say that the females do a better job than the males at that assignment. These statements, taken individually or in combination, do not support the assertion that it is a "widely held belief" at Shawnee that women should not be working there, and to suggest that they do support that assertion is overreaching.

- The first paragraph of the second page quotes from pages 87 and 88 of a deposition by plaintiff Robin Hall, Exhibit H, but those pages are not included in the Exhibit H filed with the plaintiffs' response briefs.

  More examples abound.

  The Court would be fully justified in failing to credit the supposed "facts" asserted by the plaintiffs because they have failed to support them with citations to specific and pertinent evidence. It is not the Court's function to "scour the record in search of evidence to defeat a motion for summary judgment," *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996), or to construct a party's argument for him, *Spath Hayes Wheels Intern.-Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000).

  Discrediting the plaintiffs' unsupported evidence, however, would likely lead to a decision brought about by counsel errors as opposed to the merits of the case. Although a party generally must suffer the consequence of her attorney's deficient work, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962); *United States v. 7108 W. Grand Ave.*, 15 F.3d 632, 633-34 (7th Cir. 1994), justice may be better served by deciding cases on the merits. Furthermore, it would be a waste of the Court's resources to scrutinize the plaintiffs' clearly substandard briefs to separate the wheat from the chaff, of which there is much.

  The Court believes that the most efficient and fair way to achieve justice in this case is to strike the plaintiffs' existing briefs and allow them an opportunity to present acceptable briefs for the Court's consideration. This will necessitate continuing the current trial date of June 12,

2006.  The Court also notes that in their existing briefs the plaintiffs have done an end-run around Local Rule 7.1(c)'s twenty-page limit on briefs by printing their briefs in small type.  All further briefing in this case shall be printed in 12-point type and shall not exceed twenty pages.

For the foregoing reasons, the Court

- **STRIKES** the plaintiffs' briefs and exhibits (Docs. 44-48) in opposition to IDOC's motions for summary judgment;

- **ORDERS** that the plaintiffs shall have up to and including June 9, 2006, to file their response briefs, which shall be printed in 12-point type;

- **ORDERS** that IDOC may rely on its existing reply briefs or may file replacement reply briefs on or before June 23, 2006; and

- **STRIKES** the current final pretrial date of June 1, 2006, and the current trial date of June 12, 2006.  The Court will notify the parties of the new dates.

**IT IS SO ORDERED.**
**Dated:  May 24, 2006**

>                s/ J. Phil Gilbert
> **J. Phil Gilbert, U.S. District Judge**